MEMORANDUM **
Based on a thorough and careful analysis of the evidence, the immigration judge (IJ) granted Gambino’s petition for deferral of removal under the Convention Against Torture (CAT), finding it more likely than not that Gambino would be tortured, as defined in 8 C.F.R. 1208.18(a)(1) if he were removed to Italy. The Board of Immigration Appeals (BIA) reversed. In an opinion independently analyzing the record and relevant case law, the BIA concluded that Gambino failed to carry his burden of establishing that it is more likely than not that he will be tortured if returned to Italy.
Reviewing the evidence in the record as a whole, we cannot say we are compelled to hold that it is more likely than not that Gambino wiil be tortured if he is returned to Italy. See Morales v. Gonzales, 478 F.3d 972, 977 (9th Cir.2007). To constitute torture, severe pain must be inflicted on a person for some proscribed purpose and with the specific intent to cause pain or suffering. See Villegas v. Mukasey, 523 F.3d 984, 988-89 (9th Cir.2008); Nuru v. *849 Gonzales, 404 F.3d 1207, 1217 (9th Cir.2005); see also 8 C.F.R. § 1208.18.
The BIA made no adverse credibility-determinations regarding Gambino’s witnesses, whom the IJ expressly found credible, and therefore their testimony is afforded a “rebuttable presumption of credibility on appeal.” 8 U.S.C. § 1229a(c)(4)(C). Gambino’s witnesses testified that the conditions in a 41 bis facility are harsh. There was also testimony that in some instances prison officials engaged in acts such as beatings and sexual violence to inflict severe pain and suffering on some prisoners for the purpose of obtaining information and coercing cooperation with the government. To the extent that any language in the BIA’s opinion implies that such acts cannot meet the definition of torture for purposes of CAT, we disagree; the described acts unquestionably constitute torture under 8 C.F.R. § 1208.18(a)(1).
Additionally, however, Gambino’s witnesses testified to the following: The purpose of the 41 bis regime is not to inflict torture, but to house exceptionally dangerous criminals and prevent them from continuing to direct criminal activities from prison. The substandard living conditions and limited access to health care are due to budgetary problems, and the conditions in the facilities are in some respects comparable to conditions in American super-max prisons. Italy officially opposes torture, and when incidents of torture in the 41 bis facilities have occurred, the Italian government has investigated and addressed them. Italy adheres to international human rights standards and the 41 bis system is subject to inspection by international bodies. Thus, although there is evidence of isolated and discrete incidents of torture occurring in 41 bis facilities, there was also substantial evidence supporting the BIA’s determination that Gambino failed to carry his burden of proving it was more likely than not that he would be tortured upon his return to Italy. See Arteaga v. Mukasey, 511 F.3d 940, 949 (9th Cir.2007).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.